IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF FINANCE OF AMERICA STRUCTURED SECURITIES ACQUISITION TRUST 2017-HB1, <br><br> Plaintiff, <br><br> v. <br><br> WANDA CARRAWAY, <br><br> Defendant. | § § § § § § § § § § § § § § § § §  Civil Action No. 4:22-cv-02363 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Wilmington Trust, National Association, not in its Individual Capacity, but solely as Trustee of Finance of America Structured Securities Acquisition Trust 2017-HB1 ("Plaintiff"), files this its *Original Complaint* against Wanda Carraway ("Defendant" or "Borrower"), and would respectfully show the Court as follows:

### I.   PARTIES

1.   Plaintiff is appearing through the undersigned counsel.

2.   Defendant is an obligor under a loan agreement and may be served with process at her residence, 2701 Westheimer Road, Unit 9F, Houston, TX 77098, or such other place where she may be found.  Summons is requested.

## II.     PROPERTY

3.      This proceeding concerns the following real property and improvements commonly known as 2701 Westheimer Road, Unit 9F, Houston, TX 77098, more particularly described as:

> UNIT NO. 9-F AND THE SPACE ENCOMPASSED BY THE BOUNDARIES THEREOF LOCATED IN BUILDING A, TOGETHER WITH AN UNDIVIDED 1.1330674% IN AND TO THE COMMON ELEMENTS OF THE REGENCY HOUSE, A CONDOMINIUM PROJECT LOCATED IN THE CITY OF HOUSTON, HARRIS COUNTY, TEXAS ACCORDING TO AND AS DESCRIBED BY THE DECLARATION OF CONDOMINIUM FOR THE REGENCY HOUSE AND EXHIBITS RECORDED IN VOLUME 107, PAGE 101 OF THE CONDOMINIUM RECORDS OF HARRIS COUNTY, TEXAS ("Property").

## III.    DIVERSITY JURISDICTION AND VENUE

4.      This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

5.      Plaintiff is a national association and trustee of a traditional trust. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.,* 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national banking association is considered a citizen of the state in which it is located.  28 U.S.C. section 1348. Its location is determined by the state of its main office, as established in the bank's articles of association.  *Wachovia Bank, NA v. Schmidt,* 546 U.S. 303, 318 (2006).  Wilmington

has its main office in Delaware. Wilmington is therefore a citizen of Delaware for diversity purposes.

6. Defendant is an individual and citizen of the state of Texas.

7. Due to Defendant's conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. In an action for declaratory or injunctive relief, the amount in controversy for jurisdictional purposes is measured by the "value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). If unable to foreclose on the Property, Plaintiff stands to lose the value of the Property, plus any associated interest. Therefore, the value of the Property determines the amount in controversy. *See e.g., McDonald v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-2691-B, 2011 U.S. Dist. LEXIS 146040, 2011 WL 6396628 (N.D. Tex. Dec. 20, 2011) (holding that declaratory requests in foreclosure "call[] into question the right to the property in its entirety and the amount in controversy is equal to the value of the property"). According to the Harris County Central Appraisal District Website, the Property involved in this matter is valued at $$281,154.00. Therefore, the amount in controversy is well in excess of $75,000.00.

8. Venue is proper in the Southern District of Texas, Houston Division, because this suit concerns the enforcement of a lien on real property located in Harris County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

### IV. FACTS

9. The foregoing paragraphs are incorporated by reference for all purposes.

10. On or about June 20, 2011, for value received, Defendant ("Borrower") executed that certain *Fixed Rate Note Closed End (Home Equity Conversion)* (the "Note") payable to

Urban Financial Group, Inc., in the principal amount of up to $352,500.00 bearing a fixed interest rate of 5.060% per annum. A true and correct copy of the Note is attached hereto as Exhibit A.

11. Concurrently with the Note, Defendant executed that certain *Fixed Rate Home Equity Conversion Deed of Trust* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting Plaintiff a security interest in the Property. Mortgage Electronic Registration Systems, Inc. ("MERS"), nominee for Plaintiff, was named the beneficiary of the Security Instrument. On June 28, 2011, the Security Instrument was recorded in the Official Public Records of Harris County, Texas under Document Number 201102633473. A true and correct copy of the Security Instrument is attached hereto as Exhibit B.

12. Subsequently, MERS as nominee for Plaintiff, assigned the Security Instrument to Reverse Mortgage Solutions, Inc. as evidenced by the *Assignment of Deed of Trust* dated January 21, 20216 and recorded on February 4, 2016, in the Official Records of Harris County, Texas as Instrument No. RP-2016-48336. Exhibit C is a true and correct copy of the *Assignment of Deed of Trust*.

13. Reverse Mortgage Solutions, Inc., then assigned the Security Instrument to Plaintiff, as evidenced by the *Assignment of Deed of Trust* dated March 25, 2016 and recorded on March 30, 2016, in the Official Records of Harris County, Texas as Instrument No. RP-2016-130366. Exhibit D is a true and correct copy of the *Assignment of Deed of Trust*.

14. Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

15. Under the terms of the Loan Agreement, the lender may require Borrower to immediately pay in full all outstanding principal and accrued interest upon a default on the

payment of taxes and insurance. Upon receipt of a notice by the lender requiring immediate payment in full, the Borrower shall pay all outstanding principal and accrued interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

16. The Loan Agreement provides that should Borrower fail to comply with any or all of the covenants and conditions of the Loan Agreement, then the lender may require immediate payment in full of all outstanding principal and accrued interest owed on the Note.  The Loan Agreement further provides that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

17. The Loan Agreement is in default due to the non-payment of taxes and/or insurance. Notice of Default and Intent to Accelerate was provided to Borrower in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Default and Intent to Accelerate, dated May 23, 2018 is attached hereto as Exhibit E. The default was not cured, and the maturity of the debt was accelerated.  A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as Exhibit F.

### V.   CAUSE OF ACTION – DECLARATORY JUDGMENT

18. The foregoing paragraphs are incorporated by reference for all purposes.

19. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through a non-judicial foreclosure sale of the Property.

20. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory

judgment as a result of Defendant's failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009. Plaintiff seeks this recovery as a further obligation on the Note and not as a money judgment.

## VI.  CAUSE OF ACTION—FORECLOSURE

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. Plaintiff asserts a cause of action for foreclosure against Defendant. Plaintiff, as the current legal owner and holder of the Note and the mortgagee, has the right to enforce the Note and Security Instrument. Plaintiff has fully performed its obligations under the Loan Agreement; however, Defendant did not comply with the Loan Agreement, by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract).

23. Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code section 51.002. Alternatively, PLAINTIFF requests of judgment of judicial foreclosure.

24. Plaintiff has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Defendant's failure to comply with the Loan Agreement. PLAINTIFF is therefore entitled to and seeks judgment against Defendant for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument. Plaintiff seeks an award of attorneys' fees as a further obligation on the Note and not as a money judgment against Defendant personally.

25. All conditions precedent have been performed or have occurred.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be summoned to appear and answer, and that the Court enter judgment granting: a declaration that Plaintiff has standing to foreclose and Plaintiff's lien against the Property shall be enforced by a judgment and foreclosure under the Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit as a further obligation on the Note only, and all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: _/s/ Mark D. Cronenwett_
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Admission No. 21340
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**